IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | | |
|---|---|---|
| **BAALT, LLC, an Alabama**<br>**limited liability company,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CV-2026-_____** |
| **v.** | ) | |
| | ) | |
| **MOBILE AIRPORT AUTHORITY,** | ) | |
| **a public corporation** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff BAALT, LLC ("Plaintiff" or "BAALT") files this Complaint against Defendant Mobile Airport Authority ("MAA" or "Authority") and asserts the following claims and demands for relief:

## BACK GROUND FACTS

1.      Plaintiff entered into a Ground Lease Agreement ("MAA Ground Lease") on March 6, 2013 in which Plaintiff leased the property described in the MAA Ground Lease for a Primary Term of forty (40) years. The MAA Ground Lease allowed Plaintiff to use the Leased Property for Approved Projects (as defined in the MAA Ground Lease). The term "Approved Projects" was defined in the MAA Ground Lease as "one or more projects approved by Authority in writing in advance for the development and operation of commercial, retail and/or service businesses on the Leased Property for which Lessee [BAALT] had submitted to Authority plans and specifications and the proposed form of sublease with the prospective sublessee." MAA Ground Lease, Part I, C.   All of the uses listed in Exhibit E to the MAA Ground Lease were permitted by right ("Permitted Uses").

1

2.      BAALT had subleased a portion of the Leased Property to Vexxil Retail Operations, LLC ("Vexxil") by Ground Lease dated October 1, 2024 for use of a portion of the property as a convenience store/gas station ("Vexxil Ground Lease").

3.      In the MAA Ground Lease, Exhibit E allows by right at paragraph 3, an automobile service station (with fuel pumps not required to be enclosed within a structure), and at paragraph 28, a convenience food store.  Pursuant to Section 21(a) of the MAA Ground Lease, for any Approved Project or Permitted Use, Lessee has "the absolute right at any time and from time-to-time to sublet all or any portions of the Leased Property or improvements without the written consent of Authority."  The only restriction on Permitted Uses is that they were subject to "compliance with the Rules and Regulations described in Section 15" of the MAA Ground Lease.  Section 15 simply states that BAALT shall comply with all reasonable rules and regulations including restrictive covenants, design, landscaping and construction standards, adopted by Authority.  Additionally, Section 5(c)(7) of the MAA Ground Lease expressly contemplates the installation of underground storage tanks, subject to the prior written consent of Authority, which consent Authority may not withhold except in the exercise of good faith business judgment.

4.      On June 5, 2014, MAA sent a letter to the representatives of BAALT stating the following:

> "As per part 2; Section 1h of the Ground Lease, Mobile Airport Authority acknowledges and permits the use [of] petroleum products on the Leased Property as a "Permitted Hazardous Material" in connection with Lessee's sub-letting of a portion of the Leased Property to an operator of a gas station / convenience store. The Permitted Hazardous Materials would only be permitted to be used, stored, or transported to or from the Leased Property to the extent necessary for the operation of the gas station/convenience store."

5.      MAA approved a site plan depicting a convenience store with a gas station in May of 2013.

2

6.     On or by December 18, 2025 BAALT submitted the Vexxil Ground Lease to the MAA for approval along with the plans and specifications for the gas station/convenience store.

7.     On January 22, 2026 BAALT submitted a "formal second notice" for MAA's written approval of the Vexxil Ground Lease and the plans and specifications after hearing no substantive response from MAA.

8.     Under Section 13(a) of the MAA Ground Lease, Authority's approval of plans and specifications "shall be given or withheld in writing within thirty (30) days after receipt of written request therefor," and "[f]ailure to respond in writing to a written request for such approval within thirty (30) days of its receipt, which failure continues for ten (10) days following receipt by Authority of a second notice shall constitute approval of such construction, replacement or alteration."

9.     BAALT submitted its plans and specifications on or before December 18, 2025.  MAA's thirty-day response deadline therefore expired on or about January 17, 2026.  BAALT served its formal second notice letter on January 22, 2026.  MAA's ten-day cure period following that second notice expired on or about February 1, 2026.

10.    Because MAA failed to respond in writing denying the project, plans, or specifications on or before February 1, 2026, MAA is deemed to have approved the plans and specifications for the gas station/convenience store pursuant to Section 13(a) of the MAA Ground Lease.

11.    On February 25, 2026, MAA sent BAALT a letter stating that it would not approve of the building of a convenience store with a gas station on the Leased Property. The reasons given were that the location of the project was "near" where the MAA was

3

considering installing a roundabout and other roadway projects and improvements, that the MAA does not want underground storage tanks to be installed due to environmental concerns and future uses on the Leased Property and that the MAA has not received any design specifications related to underground storage tanks. Additionally, MAA stated in the letter that underground storage tanks would include the storage of petroleum fuels, which are expressly listed as Hazardous Materials under the MAA Ground Lease and were not permitted under the Lease.

12. BAALT requested that MAA retract its denial and allow the project to proceed, but MAA has failed and refused to do so.

13. Following the MAA's denial of the sublease and MAA's obstruction of the construction of a gas station/convenience store, Vexxil made a monetary demand of over $300,000 against BAALT for its costs, expenses, and damages due to its inability to construct its project on the subleased premises.

## PARTIES

14. BAALT, LLC is a limited liability company organized in the State of Alabama. BAALT's members are Leonard Silk, Terry Stevens, Andrew Stewart and Sharktooth Partners, LLC. Sharktooth Partners, LLC is a Florida limited liability company whose members are Leonard Silk, Terry Stevens and Andrew Stewart. Leonard Silk is a citizen of Pittsburgh, Pennsylvania, Terry Stevens is a citizen of Old Hickory, Tennessee and Andrew Stewart is a citizen of Pittsburgh, Pennsylvania. Accordingly, BAALT, LLC is deemed a citizen of the States of Pennsylvania and Tennessee for diversity purposes.

15. Mobile Airport Authority is a public corporation organized under the laws of the State of Alabama, with its principal place of business in Mobile County, Alabama.

4

## JURISDICTION AND VENUE

16.    Complete diversity of citizenship exists between the parties because the Plaintiff is considered to be a citizen of the States of Pennsylvania and Tennessee while Defendant is considered to be a citizen of the State of Alabama.

17.    The amount in controversy exceeds $75,000 excluding interest and costs.

18.    Jurisdiction of this Court, therefore, is proper pursuant to 28 U.S.C.A. § 1332.

19.    Additionally, the real property that is the subject of Plaintiff's claims is located in this district, and a substantial part, if not all, of the acts and/or omissions on which Plaintiff's claims are based occurred in this district.

20.    Venue in this Court, therefore, is proper pursuant to 28 U.S.C.A. § 1391(b).

## ADDITIONAL FACTUAL ALLEGATIONS

21.    The terms of the MAA Ground Lease, and the prior consents of MAA, satisfy all of the terms and conditions of the MAA Ground Lease which are, or would be, required to allow the use of the property as an automobile gas station and convenience store.

22.    BAALT has at all relevant times performed its obligations under the MAA Ground Lease, including payment of all rent due thereunder.

23.    The MAA letter of February 25, 2026, denying the rights of BAALT under the MAA Ground Lease and of Vexxil under the Vexxil Ground Lease, asserts specious and pretextual reasons for denying the rights of BAALT and its sublessee, Vexxil, to construct an automobile gas station and convenience store on the Leased Property. The withholding of consent by MAA, and its refusal to allow BAALT and Vexxil to build an automobile gas station and convenience store is a breach of the MAA Ground Lease. Because the convenience store and gas station constitute Permitted Uses under Exhibit E to the MAA Ground Lease, Section

5

21(a) of the MAA Ground Lease grants BAALT the absolute right to sublet the Leased Property for such uses without the written consent of Authority, and any purported withholding of consent is without legal basis. Moreover, MAA's conduct constitutes a breach of the express covenant of quiet enjoyment set forth in Section 16 of the MAA Ground Lease, under which Authority covenanted that upon BAALT's payment of rent and performance of the lease covenants, BAALT "shall and may peaceably and quietly have, hold and enjoy the Leased Property hereby demised for the entire term hereof."

24.     MAA's February 25, 2026 denial was untimely, too late, and of no legal effect as the plans and specifications for the convenience store/gas station had already been deemed approved due to MAA's failure to timely object or because of MAA's prior approvals.

25.     BAALT has been damaged by the refusal of MAA to consent to the construction of the automobile gas station and convenience store. The breach of the MAA Ground Lease by MAA has caused BAALT damages in excess of $75,000, exclusive of interest and costs.

## COUNT I
## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C.A. § 2201 AND CODE OF ALABAMA § 6-6-220 ET SEQ. AND RULE 57, FEDERAL RULES OF CIVIL PROCEDURE

26.     Plaintiff adopts and incorporates, as if fully restated here, all of the paragraphs of this Complaint.

27.     There is a justiciable controversy between BAALT and MAA concerning the MAA Ground Lease and the refusal to allow BAALT and Vexxil to construct an automobile service station and convenience store on the Leased Property. BAALT requests a Declaratory Judgment to settle and to afford relief to the parties from uncertainty and insecurity with respect to their respective rights, status and obligations. BAALT requests the determination of the Court

6

as to the construction of terms of the MAA Ground Lease, the provisions of the MAA Ground Lease which allow construction of an automobile service station and convenience store, the consents and approvals given by MAA for use of the Leased Property as an automobile service station and convenience store, including the written consent given in MAA's letter of June 5, 2014, and approval of the construction plans and site plans for such construction (including whether such approval has been deemed granted under Section 13(a) of the MAA Ground Lease), whether MAA may withhold its consent to construction of the gas station/convenience store, whether MAA has breached the covenant of quiet enjoyment under Section 16 of the MAA Ground Lease, and whether any party has taken actions or failed to take actions that amount to a material breach of the MAA Ground Lease.

28.     A judicial decision is needed to resolve the disputes and controversies between the parties and to set forth the parties' relative rights, obligations and duties.  Vexxil has asserted that BAALT has breached the sublease with it by failing to provide property upon which it can construct an automobile service station and convenience store.  Until the uncertainty concerning the provisions of the MAA Ground Lease relating to use and construction of an automobile service station and convenience store is resolved, BAALT will be deprived of the full use and enjoyment of the Leased Property and the rights and benefits it negotiated and bargained for under the MAA Ground Lease.  And Vexxil will be deprived of the use and the enjoyment of the property subleased to it.

29.     There is a current need for certainty to resolve this actual controversy, and a judgment declaring the parties' rights and obligations with respect to the matters in dispute is both necessary and appropriate pursuant to 28 U.S.C.A. § 2201, and Alabama Code § 6-6-220, et seq. and Rule 57 of the Federal Rules of Civil Procedure.

30.     Based on the foregoing, BAALT respectfully requests this Court enter a judgment declaring:

    i.    That the MAA Ground Lease permits use of the Leased Property as an automobile service station and convenience store;

    ii.    That BAALT has met all of its obligations and conditions required for it to use the property as an automobile service station and convenience store and to sublet to Vexxil the right to use and construct an automobile service station and convenience store;

    iii.    That all approvals or consents, if any needed from MAA under the MAA Ground Lease, to use the Leased Property as an automobile service station and convenience store, and to construct an automobile service station and convenience store have been satisfied, or that MAA is required to approve and consent to the same or has waived its ability to object to the same;

    iv.    That MAA has materially breached the terms of the MAA Ground Lease Agreement, including without limitation the covenant of quiet enjoyment set forth in Section 16 thereof, BAALT's absolute right to sublet for Permitted Uses under Section 21(a) thereof, and BAALT's right to install underground storage tanks subject to good-faith consent under Section 5(c)(7) thereof; and

    v.    That MAA has breached the MAA Ground Lease by refusing to allow and refusing to consent to the use and construction of an automobile service station and convenience store on the Leased Property.

## COUNT II
## BREACH OF LEASE AGREEMENT

31.     Plaintiff adopts and incorporates, as if fully restated here, all of the paragraphs of

8

this Complaint.

32.     MAA has breached the material terms of the MAA Ground Lease.  As a result of MAA's failure and refusal to honor its contractual obligations under the MAA Ground Lease, BAALT has suffered monetary damages, including loss of revenue and profits, loss of use and enjoyment of the Leased Property, and has incurred reasonable attorneys' fees and expenses, to which it is entitled to be reimbursed under the MAA Ground Lease.

33.     Based on the foregoing, BAALT respectfully requests this Court enter a final judgment ordering and declaring:

    i.    That MAA has materially breached the terms of the MAA Ground Lease Agreement, including without limitation the covenant of quiet enjoyment set forth in Section 16 thereof, BAALT's absolute right to sublet for Permitted Uses under Section 21(a) thereof, and BAALT's right to install underground storage tanks subject to good-faith consent under Section 5(c)(7) thereof;

    ii.    That BAALT is the prevailing party; and

    iii.    That BAALT shall be awarded all damages to which it is entitled including compensatory damages, pre- and post-judgment interest, lost profits, consequential damages, and pursuant to Section 27 of the MAA Ground Lease, BAALT's costs and reasonable attorneys' fees and expenses, and all other expenses and damages to which it is entitled and for such other, further or different relief to which BAALT may be entitled.

Respectfully Submitted.

/s/

Jerome E. Speegle (SPE011)
Jennifer S. Holifield (HOL134)

9

Counsel for Plaintiff
Speegle, Hoffman, Holman & Holifield, L.L.C.
Post Office Box 11
Mobile, AL 36601
Telephone:      (251) 694-1700
Facsimile:      (251) 694-1998
jspeegle@speeglehoffman.com
jholifield@speeglehoffman.com

**DEFENDANT TO BE SERVED BY PERSONAL SERVICE ON THE FOLLOWING:**

**Mobile Airport Authority**
**c/o Executive Director**
**1891 Ninth Street**
**Mobile, Alabama 36615**

10